LOSING, J.,
delivered tbe opinion of tbe court:
Tbe motions made in tbis case require tbe construction of tbe 4tb section of tbe act of June 25, 1868. Its enacting clause consists of two branches relating to different things; tbe first, to tbe competency of witnesses; tbe second, to tbe use of evidence.
It is not questioned that tbe first branch precludes parties and persons interested from testifying here from and after tbe date of tbe act. It is questioned whether tbe second branch precludes tbe use here of evidence given before tbe date of tbe act.
Tbe second branch forms, as it stands, a sentence complete *38 in its construction and distinct in its effect. Its words are, “No testimony given by such, plaintiff, claimant, or person shall be used.” These words make an absolute and unqualified prohibition, and thus of their own force prohibit the use of the testimony by either party to the litigation. And if this is the evident effect when taken in their ordinary meaning and in their collocation as they stand in the statute-book, the court must so apply them, though no reason for them may be perceptible. But I think a reason for them is perceptible. When a party deposed under the previous acts it was because and on the consideration that these acts assured him that he, as well as the United States, should have the benefit of his testimony. He, in making proof of facts which he could not prove otherwise or without greater cost; the United States, in getting proof of facts not attainable by them otherwise or without greater cost; and after a party has testified on such assurance and consideration, to take away his right to use and yet leave his opponent, the right and option to use would be like enforcing a contract whose consideration had failed, and I think even-handed justice would prevent this, and therefore that the statute means what it says.
It was contended on the part of the United States that the second branch of the statute should be read by adding to, or repeating after, the words “ shall he used,” the words of the first branch, “ in supporting such title, claim, or right.” But to do that would be altering the effect of the statute by altering its terms, for it would change the absolute prohibition made by the statute as.enacted into a special prohibition confined to one of the parties to the litigation.
It was contended for the United States that the depositions given under previous acts by claimants, &c., might be used by the United States as admissions under the general rules of the common law, and that it was not to be inferred that the statute meant to interfere with the rules of the common law or the practice under them. But I think there is no room for inference ; the prohibition is express, and if it is in terms absolute and unqualified and interferes with the rules and practice of the common law, then these must yield to the statute which makes the rule here for the special matter to which it relates.
Besides, there is no rule or practice or right at the common law by which the depositions of a .party taken in a suit may be *39 used as Ms admission in the same suit, and the statute of 25th June, 1868, relates to nothing known to the common law, for the statute relates to depositions of persons and parties interested. The common law recognizes depositions only of persons not parties or interested. And these cases do not and could not arise at the common law, but would have been precluded by it, and there is and can be no rule or practice of the common law in relation to them. íhey are created and are to be governed by statutes, and these are to be construed by their own terms and reasons. The previous statutes admitting parties to testify introduced a system unknown to the common law and repugnant to it, and the statute of 25th June, 1868, seeks to abolish that system, and it does this by repealing the previous statutes and also by abrogating their consequences in enacting in terms that the testimony given under them “ shall not he used.”
On the ground stated, I am of opinion that the deposition of the claimant cannot be used by him; that the United States cannot use it in tMs action as the claimant’s admission.